DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-84-FDW

| ROBERT H. JOHNSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| JEANNETTE JOHNSON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of this action filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1).

### I. BACKGROUND

Pro se Plaintiff Robert Johnson is a pre-trial detainee currently incarcerated at the Watauga County Detention Center in Boone, North Carolina. In this action, Plaintiff has named 32 individuals as Defendants, some of whom appear to be employees of the Detention Center. In the Complaint, Plaintiff states that some of the named Defendants have threatened to kill him and his family; other Defendants have been "trying to get my wife to cheat on me and perform sexual acts on them" and "trying to break my marriage up"; other Defendants "stole $6507.53 from me out of a car wreck settlement"; and other Defendants "made up false confessions" that apparently inculpated Plaintiff, who insists he is innocent of unidentified criminal charges. (Doc. No. 1 at 3; 6). As relief, Plaintiff seeks compensatory damages, as well as restraining orders against all Defendants except for Jeannette Johnson, and he seeks an order either keeping or placing Defendants "in jail for their actions." (Id. at 6).

### II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644

2

F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, by Plaintiff's own assertions, Plaintiff did not exhaust his administrative remedies before bringing this lawsuit. In the section of the Complaint regarding exhaustion of administrative remedies, Plaintiff admits that he did not exhaust his administrative remedies before filing this action because he "didn't think it would do no good." (Doc. No. 1 at 2). Furthermore, in his administrative remedy statement submitted to this Court, Plaintiff expressly states that he did not exhaust his administrative remedies. (Doc. No. 7 at 1). On August 11, 2015, this Court entered a show cause order on the exhaustion issue, noting that Plaintiff admitted that he had not exhausted his administrative remedies before filing this action, and further instructing Plaintiff to indicate whether he intended to exhaust his administrative remedies. (Doc. No. 10). In response, Plaintiff sent the Court a letter dated August 13, 2015, in which Plaintiff states that "I received your order today and I went ahead and exhausted all my administrative remedies I had available to me with no resolution to the problems that led me to file this lawsuit to begin with. I wrote multiple grievances to the employees here and even to the sheriff and court here in district court from 7-16-15 through 8-12-15. I never received no answers or replies back whatsoever to none of my problems which continue on with the additional of three more defendants that are need to be added to the lawsuit." (Doc. No. 11). Plaintiff claims in his letter to the Court that he has submitted

3

"4 grievances in fact and about 7 letters that none were answered back." (Id.). He has not submitted any of the grievances or letters that he claims he submitted.

Plaintiff's claims must be dismissed for failure to exhaust administrative remedies because it is clear from Plaintiff's own statements that he did not exhaust his administrative remedies before filing this action. The law is settled that a plaintiff must exhaust administrative remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies during the pendency of an action.[1] Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Furthermore, although Plaintiff asserts that it would have been futile to file a grievance before filing this action, it is well settled that futility is not an exception to the requirement that a prisoner must exhaust his administrative remedies. See Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 1985).

IV. **CONCLUSION**

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies. The Clerk of Court is directed to close this case.

Signed: August 27, 2015

Frank D. Whitney
Chief United States District Judge

---

[1] Additionally, Plaintiff has not submitted any of the grievances he purportedly filed since receiving the Court's show cause order of August 11, 2015.